Citation Nr: 1725245 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 10-32 417 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to an extraschedular evaluation for lumbosacral strain (back disability).

2. Entitlement to a total rating due to individual disability (TDIU).


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

C. B. Kass, Associate Counsel





INTRODUCTION

The Veteran served on active duty from August 2002 to April 2006.

This matter comes before the Board of Veterans' Appeals (Board) from an August 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. Subsequently, the appeal was transferred to the Winston-Salem, North Carolina RO. 

The Board remanded this claim in December 2012 and September 2015. The claim has since returned for further appellate consideration.


FINDINGS OF FACT

1. The Veteran's back disability is manifested by symptomology considered in the schedular criteria. 

2. The Veteran has failed to meet his evidentiary burden that his service-connected disability, considering his education and work history, preclude him from obtaining and maintaining substantially gainful employment.


CONCLUSIONS OF LAW

1. The criteria for an extraschedular evaluation for a back disability are not met. 38 U.S.C.A. §§ 1155, 5107(b); 38 C.F.R. §§3.159, 3.321, 4.1, 4.3, 4.7, 4.21, Diagnostic Code (DC) 5237 (2016).

2. The criteria for a TDIU are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.321, 3.340, 3.341, 4.3, 4.7, 4.15, 4.16, 4.18, 4.19 (2016).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Evaluation for Back Disability on an Extraschedular Basis

Ratings are to be based as far as practicable upon the average impairment of earning capacity. However, in those exceptional cases where the schedular evaluations are found to be inadequate, an extraschedular evaluation can be provided commensurate with the average earning capacity impairment due exclusively to the service-connected disability or disabilities. 38 C.F.R. § 3.321. 

The Court has set out a three-part test for determining whether a Veteran is entitled to an extraschedular rating: (1) the established schedular criteria must be inadequate to describe the severity and symptoms of the claimant's disability; (2) the case must present other indicia of an exceptional or unusual disability picture, such as marked interference with employment or frequent periods of hospitalization; and (3) the award of an extraschedular disability rating must be in the interest of justice. Thun v. Peake, 22 Vet. App. 111 (2008), aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). 

The Board finds the evidence in this case does not show such an exceptional disability picture that the available schedular ratings for the Veteran's service-connected back disability are inadequate. A comparison between the levels of severity and symptomatology of the Veteran's disability with the established criteria found in the rating schedule shows that the rating criteria reasonably describes the Veteran's disability levels and symptomatology. Therefore, those criteria are not inadequate. See 38 C.F.R. § 3.321 (b); Thun v. Peake, 22 Vet. App. 111 (2008).

The Veteran's back disability results in pain, weakness, fatigability, and incoordination. Notably, these signs and symptoms, and their resulting impairment are contemplated by the rating schedule. See Cullen v. Shinseki, 24 Vet. App. 74, 84-85 (2010); 38 C.F.R. § 4.71a, DC 5237. These include all facets of functional loss. Accordingly, the rating criteria contemplate the Veteran's service-connected back disability and referral for extraschedular consideration pursuant to 38 C.F.R. 3.321 (b)(1) is not warranted. Moreover, there is nothing exceptional or unusual about this Veteran's disability picture. 

According to Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a Veteran may be entitled to "consideration [under 38 C.F.R. § 3.321 (b)] for referral for an extra-schedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Referral for an extraschedular rating under 38 C.F.R. § 3.321 (b) is to be considered based upon either a single service-connected disability or upon the "combined effect" of multiple service-connected disabilities when the "collective impact" or "compounding negative effects" of the service-connected disabilities, when such presents disability not adequately captured by the schedular ratings for the service-connected disabilities.

In this case, the Veteran has not asserted, and the evidence of record has not suggested, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. Yancy v. McDonald, 27 Vet. App. 484, 495 (Fed. Cir. 2016). There is neither allegation nor indication that the collective impact or combined effect of more than one service-connected disability presents an exceptional or unusual disability picture to render inadequate the schedular rating criteria. Accordingly, an extraschedular rating is not warranted.

II. TDIU

Entitlement to TDIU requires the presence of impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. Consideration may be given to the Veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or to the impairment caused by nonservice-connected disabilities. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16, 4.19 (2016). In reaching such a determination, the central inquiry is "whether the Veteran's service-connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993) (emphasis added).

The law provides that a total disability rating may be assigned where the schedular rating is less than total when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. See 38 C.F.R. § 4.16(a) (2015).

The Veteran was sent the appropriate notice letter regarding TDIU in January 2016. In that letter, VA asked the Veteran to submit a completed application for unemployability. However, no reply was ever received to that request. The Veteran has not provided his complete work and education history. Thus, a fully informed determination cannot be made about the effects of his service-connected disability on his ability to maintain gainful employment, consistent with his education and work experience. 

The Veteran has been given ample notice and opportunity to submit the information needed to establish entitlement to this benefit. For whatever reason, he has not done so. The duty to assist is not a one-way street; if a claimant wishes help in developing his or her claim, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining putative evidence. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). In this case, because the Veteran did not respond to VA's request for additional information, the Board is constrained to find that he has not meet his evidentiary burden for a TDIU, as the Veteran has not provided additional information about his education and prior work experience. 

Moreover, the Secretary is not obligated to grant a claim for benefits simply because there is no evidence disproving it. See 38 U.S.C.A. § 5107 (a) ("[A] claimant has the responsibility to present and support a claim for benefits."); Skoczen v. Shinseki, 564 F.3d 1319, 1323-29 (2009) (interpreting section 5107(a) to obligate a claimant to provide an evidentiary basis for his or her benefits claim, consistent with VA's duty to assist, and recognizing that "[w]hether submitted by the claimant or VA ... the evidence must rise to the requisite level set forth in section 5107(b)," requiring an approximate balance of positive and negative evidence regarding any issue material to the determination); Fagan v. Shinseki, 573 F.3d 1282, 1286 (2009) (stating that the claimant has the burden to "present and support a claim for benefits" and noting that the benefit of the doubt standard in section 5107(b) is not applicable based on pure speculation or remote possibility).

Although the Board is appreciative of the Veteran's faithful and honorable service to our country, given the record before it entitlement to a TDIU must be denied. 38 C.F.R. § 4.16 (2015).


ORDER

An evaluation for a back disability on an extraschedular basis is denied.

Entitlement to a TDIU is denied.



____________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs